1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    John Wayne Watson and Laura W.)        No. CV-11-00265-PHX-NVW
     Watson, husband and wife,          )
10                                       )        **ORDER**
                  Plaintiffs,            )
11                                       )
     vs.                                 )
12                                       )
                                         )
13   U.S. Bank National Association, as)
     Trustee for Harborview Mortgage Loan)
14   Trust 2006-4 Trust Fund; U.S. Bank)
     National Association, as Trustee for)
15   Harborview 2006-4 by BAC Home Loans)
     Servicing, LP FKA Countrywide Home)
16   Loans Servicing, LP a California)
     Corporation; BAC Home Loans Servicing)
17   LP; Home Loan Center, Inc. dba Lending)
     Tree Loans, a California Corporation; T.D.)
18   Service Company; Mortgage Electronic)
     Registration Systems (MERS), a Delaware)
19   corporation and a wholly owned subsidiary)
     of Merscorp; ReconTrust Company N.A.;)
20   Robert White, an individual; and Deonna)
     Hatcher,                            )
21                                       )
                  Defendants.            )
22                                       )
     _____)
23

24

25          Before the Court is Defendants BAC Home Loans Servicing LP, ReconTrust

26   Company, N.A., U.S. Bank National Association, and Mortgage Electronic Registration

27   Systems, Inc.'s Motion to Dismiss (Doc. 14), Defendant Home Loan Center, Inc.'s Motion

28   to Dismiss (Doc. 15), and Defendant Home Loan Center, Inc.'s Motion for Summary

1  Disposition (Doc. 16). For the reasons stated below, Defendants' motions to dismiss will be
2  granted, and the motion for summary disposition will be denied as moot.

3  **I.    Background**

4      On March 7, 2006, Plaintiffs executed a promissory note and deed of trust in the
5  amount of $910,000, secured by property located at 5726 East Shea Boulevard, Scottsdale,
6  Arizona 85254. The original lender is listed as Home Loan Center, Inc. (doing business as
7  Lending Tree Loans), and the original trustee under the deed of trust was T.D. Service
8  Company of Arizona. BAC Home Loans Servicing, LP was the loan servicer. Plaintiffs
9  began making payments on the note. At some point, the note and deed of trust were
10 transferred to the Mortgage Electronic Registration System ("MERS"). On January 12, 2010,
11 BAC Home Loans Servicing, LP sent Plaintiffs a letter indicating notice of intent to
12 accelerate the balance due on the loan.

13     On April 29, 2010, MERS assigned the note and deed of trust to U.S. Bank National
14 Association. On the same day, U.S. Bank appointed ReconTrust Company as successor
15 trustee. Plaintiffs applied to BAC Home Loans Servicing, LP, the successor loan servicer,
16 for a modification of their home loan. A Notice of Trustee's Sale of the property was also
17 recorded on April 29, 2010, scheduling the trustee's sale for August 9, 2010. The trustee's
18 sale did not occur on August 9, 2010, and subsequently was rescheduled for January 5, 2011.

19     Plaintiffs filed suit in Maricopa County Superior Court on December 17, 2010.
20 Plaintiffs' complaint lists twelve causes of action: 1) Declaratory Judgment; 2) Renewed
21 Request for Injunctive Relief; 3) Breach of Contract; 4) Breach of Contract/Violation of
22 Statute/Lack of Agency Authority; 5) Breach of Contract/Lack of Authority; 6) Fraud; 7)
23 Wrongful Foreclosure; 8) Bifurcation of the Promissory Note and Deed of Trust as Barring
24 Defendants' Attempt to Non-Judicially Foreclose the Original Lender's Interest in Plaintiffs'
25 Home Mortgage Loan; 9) The Conclusive Presumption of Compliance with Title 33, Chap.
26 6.1 is Unconstitutional as Applied as a Violation of the Separation/Distribution of Powers
27 Doctrine Contained in Art. 3 and Art. 4, Pt. 2, Section 19(5) of the Constitution of the State
28 of Arizona; and 10) Breach of Contract. On the same day, Plaintiffs also filed an application

1  for a temporary restraining order to enjoin the trustee's sale.  Plaintiff's request for a
2  temporary restraining order was granted by the Maricopa County Superior Court on January
3  4, 2011, and on January 14, 2011, the temporary restraining order was extended until
4  February 9, 2011 (Doc. 1).  The case was removed to the district court on February 9, 2011.

5  **II.    Legal Standard**

6        **A.    Rule 8, Federal Rules of Civil Procedure**

7        A claim must be stated clearly enough to provide each defendant fair opportunity to
8  frame a responsive pleading.  *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).
9  "Something labeled a complaint . . . , yet without simplicity, conciseness and clarity as to
10  whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a
11  complaint."  *Id.* at 1180.  A complaint must contain  "a short and plain statement of the claim
12  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must
13  be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint having the factual
14  elements of a cause of action present but scattered throughout the complaint and not
15  organized into a "short and plain statement of the claim" may be dismissed for failure to
16  satisfy Rule 8(a).  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

17        **B.    Rule 9(b), Federal Rules of Civil Procedure**

18        "In alleging fraud or mistake, a party must state with particularity the circumstances
19  constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires allegations of fraud
20  to be "specific enough to give defendants notice of the particular misconduct which is alleged
21  to constitute the fraud charged so that they can defend against the charge and not just deny
22  that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th
23  Cir. 2001).  "While statements of the time, place and nature of the alleged fraudulent
24  activities are sufficient, mere conclusory allegations of fraud are insufficient."  *Moore v.*
25  *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Further,

26        Rule 9(b) does not allow a complaint to merely lump multiple defendants
           together but requires plaintiffs to differentiate their allegations when suing
27        more than one defendant and inform each defendant separately of the
           allegations surrounding his alleged participation in the fraud.  In the context
28

of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations, alterations, and citations omitted).

### C.    Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

### III.    Analysis

Defendants BAC Home Loans Servicing LP, ReconTrust Company, N.A., U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc. moved to dismiss Plaintiffs' complaint on March 17, 2011 (Doc. 14). On March 18, 2011, Defendant Home Loan Center, Inc. also filed a motion to dismiss Plaintiffs' complaint (Doc. 15). Although Plaintiffs' responses to Defendants' motions to dismiss were due on April 3, 2011, and April 4, 2011, respectively, no response has been filed with this Court. Failure to respond alone

is grounds for the Court to grant Defendants' motions to dismiss.  LRCiv. 7.2(i).  The Court finds Plaintiffs' failure to respond to Defendants' motions constitutes acquiescence to the motions being granted.  Nevertheless, the Court agrees with Defendants' substantive analyses and will therefore grant Defendants' motions to dismiss (Docs. 14, 15) on the merits for the reasons stated in Defendants' motions.

**IV.    Leave to Amend**

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs will be given an opportunity to amend their complaint to make clear their allegations in short, plain statements.  Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs are warned that if they elect to file an amended complaint and fail to comply with the Court's instructions explained in this order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants BAC Home Loans Servicing LP, ReconTrust Company, N.A., U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. 14) is granted.

IT IS FURTHER ORDERED that Defendant Home Loan Center, Inc.'s Motion to Dismiss (Doc. 15) is granted.

IT IS FURTHER ORDERED that Defendant Home Loan Center, Inc.'s Motion for Summary Disposition (Doc. 16) is denied as moot.

IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint by May 13, 2011.  The Clerk is directed to terminate this case without further order if Plaintiffs do

1    not file an amended complaint by May 13, 2011.

2        DATED this 19th day of April, 2011.

3

4    _____

5        Neil V. Wake
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28