**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Wayne Watson and Laura W. Watson, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2006-4 Trust Fund; U.S. Bank National Association, as Trustee for Harborview 2006-4 by BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP a California Corporation; BAC Home Loans Servicing LP; Home Loan Center, Inc. dba Lending Tree Loans, a California Corporation; T.D. Service Company; Mortgage Electronic Registration Systems (MERS), a Delaware corporation and a wholly owned subsidiary of Merscorp; ReconTrust Company N.A.; Robert White, an individual; and Deonna Hatcher,<br><br>    Defendants. | No. CV-11-00265-PHX-NVW<br><br>**ORDER** |

       Before the Court is Defendants BAC Home Loans Servicing LP, ReconTrust Company, N.A., U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss First Amended Complaint (Doc. 22). This case arises out of Plaintiff's $910,000 loan obligation on property located at 5726 East Shea Boulevard, Scottsdale, Arizona 85254. The facts of the case were recounted in the Court's earlier order

granting Defendants' motion to dismiss (Doc. 17) and will not be repeated here.

**I.      Background**

On April 19, 2011, the Court granted Defendants' first motion to dismiss Plaintiffs' complaint (Doc. 17). Plaintiffs were given leave to file an amended complaint, which they did on May 19, 2011 (Doc. 20). Plaintiffs amended complaint lists three counts: (1) Breach of Contract, Application for Reinstatement of the Temporary Restraining Order, Application for the Issuance of a Preliminary Injunction and Application for a Declaratory Judgment; (2) Wrongful Lien - Violation of A.R.S. § 33-420; and (3) Subrogation/Payment/Insurance Proceeds Paid to the Investors (Doc. 20). Defendant Home Loan Center, Inc. filed a motion to dismiss on June 1, 2011(Doc. 21). The parties stipulated to the dismissal of Plaintiffs' claims against Home Loan Center, Inc. (Doc. 24) and Home Loan Center, Inc. was dismissed from this action (Doc. 25). The remaining defendants BAC Home Loans Servicing LP, ReconTrust Company, N.A., U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc. (hereinafter "Defendants") filed a motion to dismiss Plaintiffs' amended complaint on June 6, 2011 (Doc. 22).

**II.     Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

**III. Analysis**

Because Plaintiffs have again failed to state any plausible claim for relief, their amended complaint will be dismissed with prejudice.

    **1.    Count One**

Count One purports to allege a cause of action for breach of contract. Plaintiffs seek as a remedy for this alleged breach declaratory and injunctive relief, as well as reinstatement of an earlier temporary restraining order issued in state court.

In order to state a claim for breach of contract, a plaintiff must allege the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff. *See Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 94, 387 P.2d 235, 238 (1963). Plaintiffs have failed to include any of these elements in their breach of contract claim. The only alleged agreement to which Plaintiffs refer is a "pooling and servicing agreement" related to the securitization of their loan. However, Plaintiffs have not alleged that they are parties to this agreement, nor have they shown that any alleged breach of this agreement would in any way impact the authority of Defendants to conduct a trustee sale of Plaintiffs' property. Rather, Count One simply restates generalized arguments made in Plaintiffs' original complaint regarding the legitimacy of MERS and the securitization process, failure to record assignments of trust deeds, and other iterations of the "show me the note" theory which have repeatedly been rejected in this district. *See, e.g., Silvas v. GMAC Mortgage LLC*, No. CV09-0265-PHX-GMS, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009); *Cervantes v. Countrywide Home Loans, Inc.*, No. CV09-517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009).

Additionally, although Plaintiffs assert that "robosigners" were involved with various documents pertaining to their mortgage, they have provided no facts supporting this claim.

Further, Plaintiffs acknowledge in their amended complaint that certain assignments of the deed of trust were in fact recorded (Doc. 20-1). These generalized allegations do not support Plaintiffs' theory that no defendant has the authority to conduct a trustee's sale of Plaintiffs' property, which forms the basis for Count One. Plaintiffs' reliance on non-analogous cases from other jurisdictions do nothing to bolster their case and state any claim for relief. Nor does Judge Teilborg's order permitting plaintiffs in the MERS multi-district litigation, *In Re Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 09-2119-JAT, to file a consolidated amended complaint support any of Plaintiffs' underlying claims; rather, that order specifically notes the weaknesses of the various theories Plaintiffs espouse (Doc. 23-1). For all these reasons, Plaintiffs have failed to state a claim for relief in Count One.

Finally, in addition to failing to state a claim for breach of contract, Plaintiffs have also failed to provide any support for why a temporary restraining order which issued in state court at the outset of this litigation should be reinstated; such relief will therefore be denied. Further, to the extent that Plaintiffs' amended complaint intends to state claims for declaratory and injunctive relief as independent causes of action, those claims also fail. Injunctive and declaratory relief are "remedies for underlying causes of action . . . not separate causes of action[.]" *Silvas*, 2009 WL 4573234, at *6 (citations omitted). Because Plaintiffs have not sufficiently pled any underlying cause of action, they are not entitled to these equitable remedies.

### 2. Count Two

In Count Two, Plaintiffs allege that Defendants violated A.R.S. § 33–420 by recording the Corporation Assignment of Deed of Trust and the Substitution of Trustee (Doc. 20 at 9). A.R.S. § 33–420 prohibits a party from recording "an interest in, or a lien or encumbrance against, real property" when that party "knows[s] or ha[s] reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid[.]" Plaintiffs continue to rely on the same meritless allegations, rejected above, about the invalidity of MERS and any resulting transfers of the deed of trust to support their claim that Defendants had no interest in Plaintiffs' property and thus wrongly recorded the

1 Corporation Assignment of Deed of Trust and the Substitution of Trustee in violation of A.R.S. § 33–420. Plaintiff has offered no facts to show Defendants were knowingly recording a false claim on Plaintiffs' property by recording the Corporation Assignment of Deed of Trust and the Substitution of Trustee. Accordingly, Count Two fails to state a plausible claim for relief.

### 3. Count Three

Count Three alleges that because Defendants likely obtained insurance to cover any loss caused in the event of Plaintiffs' default on their loan, Plaintiffs are entitled to have their debt obligation offset by any insurance Defendants received. This claim is wholly speculative, as Plaintiffs implicitly acknowledge with their request to obtain discovery regarding whether any such insurance exists. Further, even if Defendants had received some insurance payment, Plaintiffs have not offered any support for their claim that they would be entitled to an offset on that basis. Accordingly, Count Three will be dismissed.

### 4. ReconTrust

ReconTrust was appointed as substitute trustee on April 29, 2010 (Doc. 20-2). Actions against a substitute trustee are governed by A.R.S. § 33–807(E), which provides that a trustee "need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." Where a trustee is named in an action that does not allege a breach of the trustee's duties, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." A.R.S. § 33–807(E). Because Plaintiff have not alleged that ReconTrust breached any of its trustee's duties, ReconTrust, as substitute trustee, is independently entitled to dismissal of the claims against it.

## V. Leave to Amend

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need

not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs have already been given the opportunity to file an amended complaint to properly plead any causes of action they have against Defendants. Nonetheless, Plaintiffs' First Amended Complaint does not cure the deficiencies of their initial complaint and still fails to state any plausible claim for relief against any of the Defendants. Because further leave to amend would be futile, it will not be granted. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants BAC Home Loans Servicing LP, ReconTrust Company, N.A., U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss First Amended Complaint (Doc. 22) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing Plaintiffs' First Amended Complaint (Doc. 20) with prejudice. The Clerk shall terminate this case.

DATED this 15th day of July, 2011.

_____
Neil V. Wake
United States District Judge